OPINION
 I, II
Appellant claims the trial court erred in failing to properly consider the factors numal? in R.C. 2929.12 in denying the mandatory sentence? or community control and the imposition of consecutive sentences was not supported by clear and convincing evidence. We disagree.
Appellant was convicted of compelling prosecution R.C. 2907.21(S)(2) and sexual battery R.C. 2907.03(A)(2), both are felonies of the third degree.[1] Appellant was sentenced to two three year terms to run consecutively. Under the statutory scheme the mandatory sentence or community control is not presumed for a felony of the third degree.
CITE SENTENCING STAT. 2929.11, 12
Under Edmonson (1999) 86 Ohio St.3d 394, the trial court is not required to specifically state the reason for the sentence given only to state the court findings the mandatory sentence would demean the seriousness of the offense and fail to protect the public. T. at 8-9, 11-12. The trial court further found that factors favored the imposition of a prison term and that they outweighed those favoring community control. T. at 11.
cite record T-10 Blue Tab
The trial court acknowledged that the crimes plead to, the Pre-sentence Investigation, victim impact statements, as well as a statement of the victim's father and the statement of counsel are the factors relied upon in determining the sentence.
We find that through recitation of the statutory requirements as well as a statement as to the controlling facts that lead to the sentence are more than sufficient to meet the requirements of the statutes and Statev. Edmonson. Assignment of Error I and II are denied.
 III
Appellant claims the trial court erred in not permitting him to review the presentence investigation report and victim impact statements. We disagree.
As acknowledged in the transcript, appellant's trial counsel did have the pre-sentence investigation. T. at 2, 5). The victim impact statement was not available. Under R.C. 2947.051(C) the victim impact statement is confidential and the court "may furnish copies of the statement to both the defendant or defendant's counsel and the state." Clearly this is discretionary. Abuse of Discretion. There was never a request to view the statement by appellant. As part of the record, the trial court provided the victim impact statement. Under Seal 5/14/01
The victim's father made a statement at the sentencing hearing. He also filled out the victim impact statement and both the statements are consistent.
We fail to find any error in the trial court not disclosing the victim impact statement.
Appellant also appears to argue he should have been offered a right to dispute the facts in the pre-sentence investigation report. Trial court afforded counsel (6-7) and appellant (7-8) the opportunity to speak and neither suggested nor disputed any of the facts included in the PSI.
Assignment of error III is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
FARMER, J., GWIN, P.J. and BOGGINS, J. concur.
[1] Through plea negotiations, seven other counts were dismissed. T. at 2.